**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

JASON ALAN WEINHART,

      *Petitioner*,

CRIMINAL CASE NO. 07-CR-20625-13
CIVIL CASE NO. 11-CV-10844

*v.*

UNITED STATES OF AMERICA,

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

      *Respondent*.

_____/

**REPORT AND RECOMMENDATION ON RESPONDENT'S**
**MOTION TO DISMISS PETITION UNDER 28 U.S.C. § 2255 TO VACATE,**
**SET ASIDE, OR CORRECT SENTENCE**
(Doc. 383)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to dismiss be

**GRANTED.**

**II.     REPORT**

    **A.     Introduction**

Pending, pursuant to an Order of Reference from United States District Judge Thomas

Ludington, is Jason Alan Weinhart's (hereafter "Weinhart" or "Petitioner") motion to vacate his

federal custodial sentence pursuant to 28 U.S.C. § 2255. Petitioner's federal sentence was imposed

on February 22, 2010. (Doc. 344.) Petitioner filed his § 2255 motion on March 1, 2011. On March

29, 2011, Respondent filed its motion to dismiss the petition in lieu of responding to the petition,

based on the appellate and collateral attack waiver contained in the Rule 11 plea agreement. (Doc.

383.) Petitioner responded to the motion (Doc. 385) and Respondent replied. (Doc. 387.) In

addition, Respondent filed transcripts of Petitioner's plea and sentencing hearings as exhibits to its motion and reply. (Doc. 389.)

### B.   Background

On August 20, 2008, Petitioner was charged in a First Superseding Indictment with one count of conspiracy to distribute Schedule I Controlled Substances, i.e. 3,4 methylene-dioxyamphetamine (MDA) and 3,4 methylenedioxymethamphetamine (MDMA), both substances commonly known as ecstasy, in violation of 21 U.S.C. § 846 and 841(a)(1). (Doc. 104.) On December 23, 2008, the government filed a Notice of Penalty Enhancement pursuant to 21 U.S.C. § 851, indicating that Weinhart had been convicted of a felony drug offense, i.e., trafficking cocaine, and two counts of possession with intent to distribute cocaine, on February 22, 1996, in South Carolina. (Doc. 160.)

On March 24, 2009, Weinhart appeared before the district judge and entered a plea of guilty pursuant to the Rule 11 plea agreement entered into on that day. (Doc. 203.) Under this agreement, the government recommended a third level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(b). It was noted that there were no guideline calculation disputes, that the applicable guideline range was 70-87 months, and that the agreement stated that Weinhart's sentence could "not exceed the top of the sentencing guideline range." (Doc. 203 at 3-5.) On July 14, 2009, Weinhart moved through counsel to withdraw his plea of guilty (Doc. 278) and on July 22, 2009, the motion was granted and a trial date was set. (Doc. 287.)

On September 1, 2009, Weinhart appeared before the district judge and pleaded guilty under a new Rule 11 plea agreement filed that day. (Doc. 301.) Under this plea agreement, Weinhart agreed to plead guilty to Count I of the First Superceding Indictment, the government agreed to

withdraw the notice of prior convictions,[1] and the parties agreed that Weinhart is a career offender

under U.S.S.G. § 4B1.1 because he has two prior felony drug trafficking convictions. (Doc. 301

at 3.) The agreement also indicated that there were no sentencing guideline disputes and that the

applicable sentencing guideline range was 151 to 188 months. (*Id.*) The agreement also

recommended a third level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(b).

(*Id*. at 4.) The plea agreement also contained an appeal waiver which stated as follows:

> The defendant waives his right to appeal his conviction and may only appeal or otherwise challenge any part of his sentence to which he has not stipulated in this plea agreement and attached worksheets. . . .
> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(*Id*. at 7.) The agreement further provided that it

> supersedes all other promises, representations, understandings, and agreements between the parties . . . Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

(*Id*. at 9.) Before the signature line for Weinhart and his counsel, the agreement provides:

> By signing below, defendant acknowledges that he has read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

(*Id*. at 10.) On February 16, 2010, Weinhart was sentenced and committed to the custody of the

United States Bureau of Prisons for a total term of 151 months. (Doc. 344 at 2.)

## C.     Plea Agreement Waiver Standards

---

[1]The notice was withdrawn on February 16, 2010. (Doc. 341.)

"It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). Therefore, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In Re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord, Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) ("plea agreement waivers of § 2255 rights are generally enforceable"). However, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d at 422.

Although the government contends that Weinhart "does not dispute the validity of the appeal waiver" (Doc. 383 at 3 n.1), Weinhart alleges that he was told by counsel that he "would be able to attack the sentence" and further states that, "[h]ad [he] fully understood the meaning of the plea deal along with the many failures of my attorney, which led to the deal offered, [he] never would have accepted the plea." (Doc. 379 at 6.) Therefore, the Court must address whether the plea agreement, with the waiver contained therein, was entered into knowingly and voluntarily.

**D.      Whether the Plea Agreement Was Entered Into Knowingly & Voluntarily**

Although Weinhart  contends that counsel was ineffective for erroneously advising him as to the consequences of his plea, I suggest that the record resoundingly contradicts his claim. At the plea hearing, government counsel recited the significant provisions of the plea agreement, including the agreed upon sentencing guideline range of 151 to 188 months and the waiver of

appellate rights, including the waiver of the right to bring any post-conviction collateral proceedings such as a motion under 28 U.S.C. § 2255. (Plea Tr., Doc. 389  at 7-8.) Immediately following the government's recitation, the Court asked Weinhart," did you hear anything that was in any way different than your understanding?" to which Weinhart responded, "No, I think that's accurate, your Honor." (Doc. 389 at 9.) When asked whether anyone offered him anything other than the arrangements described in the Rule 11 agreement, Weinhart responded, "There's been no such offer." (Doc. 389 at 9-10.) When asked whether anyone used any force or coercion to convince him to enter a guilty plea, Weinhart responded, "No, your Honor." (Doc. 389 at 10.)

I suggest that the record does not support Weinhart's claim that his plea was not knowing or voluntary and that the waiver should therefore be enforced. I further suggest that the government's motion to dismiss Weinhart's § 2255 petition should be granted.

**E.      Whether Weinhart's Unfulfilled Request for Counsel to File an Appeal Precludes Enforcement of the Waiver**

Weinhart also contends that, "[o]nce I learned that I would be in jail for over a decade, I told my lawyer to appeal the sentence and ask the court of appeal [sic] to consider whether I should have been sentence [sic] to a lower total." (Doc. 379 at 7.) The Supreme Court stated in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. The Court "h[e]ld that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance claim entitling him to an appeal" without any further showing. *Id.* at 484.   The Sixth Circuit has summarized that,

> [s]tripping *Flores-Ortega* to its rudiments, it becomes clear that there are two scenarios in which the two *Strickland* components can be satisfied in a single stroke:

5

(1) where the defendant specifically instructs his attorney to file an appeal, and his attorney does not; and (2) where non-frivolous grounds for appeal exist, yet no appeal is filed.

*United States v. Lovell*, 83 Fed. App'x 754, 759 (6th Cir. 2003) (internal citation omitted).

However, *Flores-Ortega* did not address the enforceability of a waiver of collateral attack rights under § 2255.

### 1.    Direct Appeal

In a recent unpublished Sixth Circuit case, the defendant/petitioner argued that "an attorney's failure to perfect an appeal when instructed to do so, or failure to consult with the client when grounds or interest exist, constitutes ineffective assistance of counsel *even where*, as here, the defendant has entered into a plea agreement waiving some or all of his rights to a direct appeal." *Sarlog v. United States*, No. 09-3033, 2011 WL 63599, at *4 (6th Cir. Jan. 7, 2011) (emphasis in original). The court stated that "this argument raises an issue on which the circuits are currently split." *Id.* The Sixth Circuit noted that the Second, Fourth, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits have held that the *Flores-Ortega* issue survives, i.e., that counsel may be ineffective for failing to file an appeal when requested even though the defendant entered into a plea agreement waiving his appellate rights. On the other hand, the Third and Seventh Circuits have held that counsel may rely on the instruction not to file an appeal that is implicit in the waiver of appellate rights. *Sarlog*, at *4 n.2 (listing cases). However, the Sixth Circuit did not did not rule on this issue because the court found that the petitioner had not knowingly and voluntarily waived his right to appeal. *Id.* at *4.

With this express absence of any Sixth Circuit authority, I suggest that the approach taken by the Third and Seventh Circuits is the most cogent. In *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008), the court held that if the waiver of direct appeal and collateral attack rights was made

knowingly and voluntarily, an ineffective assistance of counsel claim based on failure to file an appeal would be precluded and the plea agreement would be enforced absent a narrowly-defined exception to prevent a miscarriage of justice. *Id*. at 242. *See also Nunez v. United States*, 546 F.3d 450, 452 (7th Cir. 2008) (on remand) (government surrendered argument regarding waiver but the court stated in dicta that "it would be anomalous to plead guilty and waive appeal, yet reserve by indirection a right to test the conviction later"). I therefore suggest that Weinhart's unfulfilled request for counsel to file a direct appeal should not preclude enforcement of Weinhart 's direct appeal waiver.

Like the Fourth Circuit, I recognize that enforcing a waiver of the right to appeal without addressing the merits of a claim could leave a defendant whose civil rights were violated after pleading guilty without recourse. The Fourth Circuit has pointed out that "a defendant who waives his right to appeal [in a plea agreement] does not subject himself to being sentenced entirely at the whim of the district court." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). The Fourth Circuit has therefore "refused to enforce appeal waivers in cases that involve errors that the defendant could not have reasonably contemplated when the plea agreement was executed." *United States v. Poindexter*, 492 F.3d 263, 272 (4th Cir. 2007). Examples of errors that could not reasonably be contemplated when the plea agreement was executed include a sentence imposed in excess of the maximum penalty or based on a constitutionally impermissible factor such as race. *Marin*, 961 F.2d at 496; *accord, United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994).

However, in *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005), the Fourth Circuit went on to explain that where the scope of the waiver is not violated, i.e., where a defendant is "sentenced precisely in the manner that he anticipated[,]" the appellate waiver must be enforced. *Id*. at 173. In *Blick*, the plea agreement provided that defendant would be sentenced within the

7

maximum provided in the statute of conviction and in accordance with the pre-*Booker* guidelines. *Id.* The court held that even though "the law changed after he pled guilty, his expectations (as reflected in the plea agreement) did not." *Id.* Therefore, the court held that the defendant had not been sentenced at the whim of the district court but rather had been sentenced in accordance with his bargained-for result that was reasonably contemplated when the plea agreement was executed. *Id.* The court also noted that plea agreements "rest on contractual principles, and each party should receive the benefit of its bargain." *Id.* The court concluded that to allow the defendant to appeal on the issue of ineffective assistance of counsel where the defendant received exactly what he bargained for would "unfairly deny the United States an important benefit of its bargain." *Id.* Therefore, the court found the issues raised were "within the scope of the waiver" and the court granted the government's motion to dismiss. *Id.*

I suggest that even under the more protective approach taken by the Fourth Circuit, Weinhart is not entitled to escape the consequences of his appellate waiver. Since Weinhart was sentenced entirely in accordance with the plea agreement, I suggest that any issues raised are within the scope of the waiver, would have reasonably been contemplated at the time he entered his plea, and should not be held to undermine Weinhart's waiver of his right to direct appeal.

### 2. Collateral Relief Under § 2255

Recent district court cases have focused on the narrow issue of whether a petitioner's right to assert an ineffective assistance claim in a later post-plea collateral proceeding, such as one under § 2255, has also been waived. *See United States v. Rico-Bustamante*, No. CR07-0611-PHX-MHM, CIV08-1108-PHX-MHM (DKD), 2010 WL 5467052, at *3 (D. Ariz. Sept. 10, 2010); *Lewis v. United States*, No. CV08-2084 PHX-DGC(JRI), 2009 WL 4694042, at *5 (D. Ariz. Dec. 4, 2009). These courts have held that "nothing in *Flores-Ortega* . . . would render [petitioner's] waiver

unenforceable" since "post-plea ineffectiveness has no impact on the validity or enforceability of the waiver of [his] collateral attack rights." *Rico-Bustamante* at *3 (quoting *Lewis*). In such circumstances, absent a showing that the plea or waiver was invalid, the *Flores-Ortega* claim will "not overcome a valid waiver of *collateral challenges.*" *United States v. Rivers*, No. 08-200006-01-KHV(Crim), 10-2343-KHV (civ), 2011 WL 484190, at *3 (D. Kan. Feb. 7, 2011). I find this reasoning persuasive.

"If collateral attack waivers could not bar the Sixth Amendment challenges that do not amount to a complete deprivation of counsel, then the waivers could be sidestepped by every petitioner who framed their habeas challenge as stemming from the ineffective assistance of counsel." *Osborne v. United States*, No. 1:07CR00057, 2010 WL 227821, at *6 (W.D. Va., Jan. 19, 2010). If it were otherwise, the ineffective assistance of counsel exception to the collateral attack waiver rule would render the waiver useless. "'If all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack merely by challenging the attorney's failure to achieve the desired result.'" *Osborne*, at *6 (quoting *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002), and citing *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000)). "Many courts have, accordingly, characterized attempts by petitioners to advance these ineffective assistance of counsel claims as mere camouflage for the explicit avenues of collateral attack that they have admittedly waived." *Id.*

A district court in the Sixth Circuit has come to a similar conclusion, holding that "the complete waiver of the right to appeal or collaterally attack a conviction and sentence by defendant [] in his plea agreement removes this case from the scope of *Flores-Ortega* or, at the very least, the defendant's knowing and voluntary waiver of his right to appeal or collaterally attack his conviction and sentence rebuts any presumption." *United States v. Arevalo*, No. 5:07-153-JMH-

9

JGW (crim) and 09-7071-JMH-JGW (civ), 2010 WL 5391459, at *2 (E.D. Ky. Dec. 22, 2010). The court reasoned that "requiring counsel to file such appeal pleadings would be futile in the face of a knowing and voluntary waiver of the right to take an appeal." *Id*. Further, "requiring counsel to file a notice of appeal or an *Anders* brief in the face of such a waiver would be nonsensical . . . [and] would also create an infallible rule out of the holding in *Flores-Ortega* that both defies logic and depends on a scenario which was not before the Court in that case." *Id.* The court noted that it found itself "in good, if somewhat limited, company" in its conclusion. *Id.* (citing *Mabry* and *Nunez* ("[c]ollateral review is not a means to undo an express waiver of an issue")).) I therefore suggest that Petitioner's request for counsel to file a notice of appeal does not preclude enforcement of the valid § 2255 waiver.

In addition, as stated in the cases upholding waivers of direct appeals, collateral relief should be barred where the plea agreement was entered into knowingly and voluntarily because, "[h]aving received the benefit of his agreement, and having entered into his agreement knowingly and voluntarily, the defendant should not now be permitted to violate that same agreement." *United States v. Coleman*, No. 07-185-JBC-JGW-2 (crim) and No. 09-7091 (civ) , 2010 WL 5173205, at *2 (E.D. Ky. June 7, 2010).[2]

###    F.    Conclusion

I therefore suggest that the waivers contained in Weinhart's plea agreement should be enforced and that the motion to dismiss his § 2255 motion should be granted.

### III.   REVIEW

---

[2] As to the petitioner's contention that his counsel failed to file a notice of appeal despite his timely request to do so, the court held, without an evidentiary hearing, that "it was not error for counsel to do so given the valid waiver in defendant's plea agreement." *Id.* (citing *Nunez, supra.*)

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97.

s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗

CHARLES E. BINDER

Dated: June 16, 2011                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System, and served on the following non-ECF particiapnt via the United States Postal Service: Jason Alan Weinhart #42981-048, Lompoc U.S. Penitentiary, Inmate Mail, 3901 Klein Blvd, Lompoc. CA 93436.

Date:  June 16, 2011                    By      s/Patricia T. Morris
                                        Law Clerk to Magistrate Judge Binder

11