UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Criminal No.: 07-cr-20625

v        Honorable Thomas L. Ludington

D-13 - JASON ALAN WEINHART,

        Defendant.
_____/

## ORDER DENYING MOTION REQUESTING RECOMMENDATION FOR HALFWAY HOUSE PLACEMENT

On February 16, 2010, Defendant Jason Alan Weinhart was sentenced to 151 months of imprisonment after pleading guilty to conspiring to possess ecstasy with intent to distribute. ECF No. 344. On July 14, 2016, Weinhart filed a motion requesting that the Court recommend that the Bureau of Prisons place him in a halfway house for the final five months of his sentence. ECF No. 434. The Court directed the Government to respond to Weinhart's motion, ECF No. 435, and the Government did so. ECF No. 436. Weinhart's motion will be denied.

Weinhart is requesting a recommendation pursuant to 18 U.S.C. § 3621(b). That provision provides that the

> Bureau of Prisons shall designate the place of the prisoner's imprisonment. . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

*Id.* Although the Court is free to make recommendations at sentencing of the sort Weinhart is requesting, it is unclear whether the Court has authority to make a recommendation of this kind

now. *See Hurt v. Fed. Bureau of Prisons*, 323 F. Supp. 2d 1358, 1368 (M.D. Ga. 2003) ("Upon review of § 3621 it is clear that the authority to designate a place or location of imprisonment is within the sole discretion of the BOP, the court may make a recommendation during sentencing but is without further jurisdiction."). Even if the Court were authorized to make this recommendation, the Court is without sufficient facts to justify such a recommendation. Weinhart asserts that he has completed numerous Bureau of Prison programs and has expressed remorse and contrition regarding his offenses. The Court commends Weinhart for his progress towards full rehabilitation. But the Bureau of Prisons, not the Court, is in the best position to evaluate Weinhart's suitability for a halfway house placement. In fact, that is undoubtedly why 18 U.S.C. § 3621(b) gives the Bureau of Prisons the authority to make that determination. The Court will not interfere with that lawful authority.

Accordingly, it is **ORDERED** that Defendant Weinhart's motion for a recommendation for halfway house placement, ECF No. 434, is **DENIED.**

Dated: January 10, 2017        s/Thomas L. Ludington
                               THOMAS L. LUDINGTON
                               United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 10, 2017.

                               s/Michael A. Sian
                               MICHAEL A. SIAN, Case Manager